## IN THE DISTRICT COURT OF CREEK COUNTY
## STATE OF OKLAHOMA

BEVERLY DAWSON, )
)
Plaintiff, )
) Case No. CJ-2019-02610
v. )
) Judge: Honorable Doug Drummond
ORAL ROBERTS UNIVERSITY, )
)
Defendant. )

### SUMMONS

To the above-named Defendant(s): Oral Roberts University

You have been sued by the above-named plaintiff(s), and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with the costs of the action.

If Interrogatories and Request for Production of Documents are served with this Petition, you are directed to answer the Interrogatories and produce the documents requested within **forty-five (45) days** after service of these Interrogatories and Request for Production of Documents.

Issued this _17_ day of _Dec_, 201_.

**Court Clerk**

by _____, Deputy Court Clerk

(Seal)
Attorney(s) for Plaintiff(s):

Name: GARRETT LAW
Address: 320 S. Boston Ave., Ste. 825G
Tulsa, OK 74103
(918)221-6190

This summons was served on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Date of Service)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

EXHIBIT 3
Page 1 of 10



**TULSA COUNTY DISTRICT COURT**
**STATE OF OKLAHOMA**

DISTRICT COURT
**FILED**
JUN 27 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

BEVERLY DAWSON, )
)
Plaintiff, )
)     **CJ-2019-02610**
v. )
)
ORAL ROBERTS UNIVERSITY, )     **JURY TRIAL DEMANDED**
)     **ATTORNEY LIEN CLAIMED** Doug Drummond
Defendant. )

## PETITION

Plaintiff Beverly Dawson ("Dawson" or "Plaintiff") hereby brings this action seeking declaratory and injunctive relief, compensatory and equitable damages, liquidated damages, punitive damages, and costs and attorney fees for violations by Defendant Oral Robert University ("ORU" or "Defendant") of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

### PARTIES, JURISDICTION & VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Plaintiff Beverly Dawson is a resident of the City of Tulsa, Tulsa County, State of Oklahoma.

3. Plaintiff is a member of a class that Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") protects against discrimination on the basis of sex.

2019 JUN 27 P 2:57  DON NEWBERRY COURT CLERK

**EXHIBIT 3**
**Page 2 of 10**

4. Defendant Oral Robert University is an Oklahoma not for profit corporation with its principal place of business located at 7777 South Lewis Avenue, Tulsa, Oklahoma 74171.

5. ORU may be served with process by serving its registered agent, who, according to the Oklahoma Secretary of State, is Terry M. Kollmorgen, 401 South Boston Avenue, Suite 1100, Tulsa, Oklahoma 74103.

6. ORU is an "employer" pursuant to 42 U.S.C. § 2000e(b).

7. ORU has more than 500 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

8. ORU has more than 15 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

9. ORU exercised control over the terms and conditions of the position held by Plaintiff.

10. Plaintiff timely filed Charge of Discrimination No. 564-2019-00741 with the United States Equal Employment Opportunity Commission ("EEOC"), wherein she complained that Defendant unlawfully discriminated against her on the basis of sex and deviating form gender stereotypes by terminating her employment in violation of Title VII.

11. Plaintiff filed this action within ninety (90) days after receiving her *Dismissal and Notice of Rights* from the EEOC on April 1, 2019 (Exhibit 1).

12. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to the holding in *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566

EXHIBIT 3
Page 3 of 10

(1990), that state courts have concurrent jurisdiction with federal courts over civil actions brought under Title VII.

13. The venue of this action properly lies in Tulsa County District Court pursuant to OKLA. STAT. tit. 12 §§ 133 and 137.

## FACTS

14. Plaintiff was hired and employed as a Women's Tennis Coach at ORU.

15. Plaintiff also was perusing her master's degree at ORU, for which she received her degree on February 12, 2019.

16. During the course and scope of her employment, Plaintiff's supervisor, Rhonda Fowler (Fowler), the Senior Associate Athletic Director for Business, created a hostile work environment.

17. At all times Fowler was acting within her scope of employment by ORU.

18. Fowler is responsible for and "ensures the representation of female student-athlete interests on the campus of ORU [1]".

19. That Fowler frustrated her ability to travel, schedule matches, and created a hostile work environment. Further, Foster created a difficult atmosphere to foster a winning environment for Plaintiff's student athletes.

20. Foster commented on Plaintiffs dress, look, and appropriateness of athletic wear in the performance of her job duties. Plaintiff was singled out form other female athletic department employees who adhered to gender norms.

---

[1] http://www.oruathletics.com/information/directory/bios/fowler_rhonda?view=bio

EXHIBIT 3
Page 4 of 10

21. On April 19, 2016, Plaintiff was instructed by Fowler to "just get married and then the man makes more money" in connection with Plaintiff's request for a pay raise and salary review.

22. On April 12, 2018, Plaintiff frustration led to her contacting the EEOC. She subsequently received a threatening note on her car at work at ORU, stating "lesbian get out".

23. Plaintiff was originally informed that she was in violation of ORU computer use policy for deleting files off her shared drive, and that is why she was being terminated.

24. In Plaintiffs termination letter, ORU states that the reason for her termination was a non-winning record as a coach.

25. Plaintiff believes either reason proffered for her termination is pretextual, and that there was no legitimate, non-discriminatory, non-retaliatory, reason for its adverse employment action.

26. On June 12, 2018, Plaintiff was informed by ORU that her employment was going to end.

27. Plaintiff was terminated by ORU effective June 22, 2018. (Exhibit 2).

### FIRST CAUSE OF ACTION:
### VIOLATION OF TITLE VII

For her First Cause of Action, Plaintiff re-alleges and incorporates by reference all paragraphs above, and further states:

28. Plaintiff is protected from sex-based discrimination and retaliation under the provisions of Title VII, § 2000(e) *et seq* and 42 U.S.C 1983.

EXHIBIT 3
Page 5 of 10

29. At all times pertinent to her First Cause of Action and prior to the termination of her employment, Plaintiff was performing the duties of her position satisfactorily.

30. Plaintiff was terminated under circumstances that give rise to an inference of unlawful discrimination on the basis of sex and deviating from gender stereotypes and/or retaliating for engaging in a protected activity.

31. Defendant's termination of Plaintiff constitutes sex discrimination in violation of Title VII. The discrimination based on sex and retaliation caused the Plaintiff to lose her employment, therefore causing her harm.

32. The acts and/or omissions by Defendant have given rise to a claim by Plaintiff for equitable damages, said damages consisting of back pay, front pay, lost employment benefits, prejudgment interest, attorney fees, and costs.

33. The acts and/or omissions by Defendant have given rise to a claim by Plaintiff for compensatory damages, said damages consisting of emotional distress, loss of enjoyment of life, loss of self-esteem, loss of earning capacity, embarrassment, humiliation, inconvenience and mental anguish.

34. The acts and/or omissions of Defendants were willful, wanton, malicious and/or in total disregard for Plaintiff's rights, giving rise to punitive damages.

**WHEREFORE**, premises considered, Plaintiff Beverly Dawson prays for judgment against Defendant Oral Roberts University for actual, compensatory, and punitive damages (including back pay, front pay, lost employment benefits, emotional distress, loss of enjoyment of life, loss of self-esteem, loss of earning capacity, embarrassment, humiliation, inconvenience, and mental anguish) in the amount of $375,000.00, or such other sum consistent with the evidence that Plaintiff anticipates will

EXHIBIT 3
Page 6 of 10

be presented in this case. Plaintiff also prays for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendant, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiff may be entitled and/or that the Court deems just and proper.

Respectfully submitted:

GARRETT LAW

By: _____
D. Mitchell Garrett, OBA # 20704
320 South Boston Avenue, Suite 825-G
Tulsa, Oklahoma 74103
Telephone: (918) 978-2226
Facsimile: (918) 340-6799
E-mail: mitchell@garrettlawcenter.com

Attorney for Plaintiff Beverly Dawson

EXHIBIT 3
Page 7 of 10

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## DISMISSAL AND NOTICE OF RIGHTS

**To:** Beverly Dawson
302 CR 571
Eastland, TX 76448

**From:** Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2019-00741 | Rafael Tirado, Investigator | (405) 231-5857 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

For: Holly Waldron Cole,
Area Office Director

March 29, 2019
(Date Mailed)

Enclosures(s)

cc:

ORAL ROBERTS UNIVERSITY
7777 South Lewis
Tulsa, OK 74171



**EXHIBIT 3**
**Page 8 of 10**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was mailed to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**EXHIBIT 3**
**Page 9 of 10**



GOLDEN EAGLES
ORU

June 22, 2018

Beverly Dawson
7931 S. Yale Ave., Apt C
Tulsa, OK 74136

Dear Beverly,

On April 2, 2018, the decision was made to terminate your employment with Oral Roberts University (ORU) as the Women's Tennis Coach. This decision was based upon your overall poor performance, including lack of a winning record in your six years in the position. On Thursday, April 12, 2018, at approximately 10:42 am I emailed you a request to meet on Thursday, April 19, 2018, at 9:00am. During that meeting, I intended to inform you of the decision to terminate your employment with ORU.

It is my understanding that later that day, at approximately 4:04 pm you filed a complaint with ORU's Title IX Coordinator against Rhonda Fowler, Sr. Associate Athletic Director. As a result, at approximately 5:47 pm I emailed you that our April 19th meeting was postponed until further notice. This postponement was to hold the termination action in abeyance in order to provide for an investigation and issuance of the resulting findings regarding your complaint.

During the course of the investigation, on Tuesday, April 24, 2018, you, Dr. Matt Olsen, Director of Human Resources, and Marleen Jones, Manager of Human Resources, met to discuss an incident that occurred on Tuesday, April 17, 2018. The incident involved your deletion of thousands of Athletic department computer files. You stated you did engage in deleting files from your computer.

It is my understanding that you have been provided the findings of the investigation into your complaint. Based upon those findings, there is no evidence to support your allegations against Ms. Fowler. Therefore, our decision to terminate your employment will now be implemented. This letter serves to inform you that your employment with Oral Roberts University is terminated effective today, Friday, June 22, 2018.

You will be paid through the date on this letter, June 22, 2018. You will receive your final paycheck and any unused accrued vacation pay on your next regularly scheduled payday. Your health insurance benefits will continue through June 30, 2018. Information regarding your rights to continue coverage under COBRA will be mailed to your home address, as noted above, by Benefit Resources Inc., ORU's COBRA administrator.

If you have any questions regarding this matter, please contact Dr. Matt Olsen, Human Resources Director.

Scott Higgins

Sr. Associate Athletic Director
Oral Roberts University



**Oral Roberts University Athletics**
7777 S. Lewis Avenue • Tulsa, OK 74171 • 918.495.7151



EXHIBIT 3
Page 10 of 10